Judge Owsley
delivered the opinion of the court.
This is an appeal from a judgment of the Barren circuit court rendered in favor of Hopkins in an action brought against him by Baker.
The declaration contains two counts — one for a njaliciogs prosecution, and the other for slanderous words.
The action was commenced in the Cumberland court, but tried in Barren, upon issues to pleas filed in the latter court.
There is nothing in the record shewing how the cause was remanded to Barren. — -But no exceptions to the regularity of the removal was taken until after a verdict was found for Hopkins.
Had exceptions been taken ¡n proper time, there is no doubt but that the Barren court could not have tried the cause vfithoul its having been regularly removed.
But as the subject matter in contest is equally cognizable in both courts, we are of opinion that after verdict the cause should be presumed to have been regularly remandad, *588 ami the Barren court consequently decided correctly in re* fus*ní? to enquire into the propriety of the removal, on the motion in arrest of judgment. But it is^ontended that the court erred in refusing to permit the plaintiff to prove to the jury that the defendant was not a man cf truth, and unworthy of credit upon oath.
B. Hardin for appellant, Talbot lor appellee.
Ina.namali1 cio-is prosecution, the character ot e e ei( ¿nt veracity his is not a pro-Pf unless m<.de so by the pleadings.
Theverac''J ^e defendant not having been put in issue by the pleadings in the cause, an enquiry into his c'na-racier, as a man of truth, certainly di<( not regularly form subject of legitimate enquiry. But as what he had SWOrn. on the trial of the prosecution, had been proven, if is urged that the plaintiff should, on that account, have been permitted to make the enquiry into his character.
It must be reeoilectcd, however, that the evidence of what the defendant had previously sworn, was introduced by the plaintiff, and although, if pursued by the defendant, p might have been repelled by the plaintiff, we suppose that having been introduced by the plaintiff, he connpt have been thereby priviledged to use evidence otherwise foreign to the issue and inadmissible.
It is true, that after evidence of what the defendant had sworn on the former trial had been introduced by the plaintiff, the defendant made, an enquiry of the same witness, by whom what he had sworn had been proven, in relation to the same matter, but as that enquiry was proved by the defendant for the purpose of ascertaining the whole of the facts in relation to the subject about which the plaintiff had commenced the examination, the circumstance of the defendant. having made the enquiry, we apprehend, cannot have rendered an enquiry into his character admissible.
The judgment ¡bust be affirmed with cost.'